IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nels Theodore,<br>*a/k/a Nels Theodore Wohlstrom*,<br><br>                 Plaintiff,<br><br>vs.<br><br>George Wilmore, *Chief Enforcement Officer*;<br>Eddie Broome, *Zoning Enforcement Officer*;<br>Eddie Moore, *Zoning Enforcement Officer*;<br>Bruce M. Bryant, *Sheriff*;<br>Johnny H. Grayson, *Magistrate*,<br><br>                 Defendants. | C/A No. 0:12-2458-MBS-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Nels Theodore ("Plaintiff"), a self-represented litigant, brings this "Piracy and Privateering" civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a resident of Lake Wylie, South Carolina, and the defendants are local governmental officials and a county magistrate in York County, South Carolina. Plaintiff has not completed the "STATEMENT OF CLAIM" portion of the *pro se* Complaint. Instead, in a separately filed attachment styled as a motion for order to show cause (ECF No. 2), Plaintiff alleges that York County, as a "foreign vessel and foreign state," through the named defendants, is attempting to plunder and "despoil" his property. Plaintiff states that this court has jurisdiction pursuant to 18 U.S.C. § 81. Plaintiff also cites 18 U.S.C. § 1659. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be dismissed.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S.Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, Inc., 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc., 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the Complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find

that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id. Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1] See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012). However, if the alleged federal claim is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" then subject matter jurisdiction does not exist. Id. (citation omitted).

## DISCUSSION

In the instant matter, Plaintiff relies on 18 U.S.C. § 81, a criminal statute relating to piracy and privateering that states:

> **§ 81. Arson within special maritime and territorial jurisdiction**
>
> Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping, or attempts or conspires to do such an act, shall be imprisoned for not more than 25 years, fined the greater of the fine under this title or the

---

[1] Diversity subject matter jurisdiction is not applicable to this case because the Complaint does not allege complete diversity of parties. See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); 28 U.S.C. § 1332.



> cost of repairing or replacing any property that is damaged or destroyed, or both.
>
> If the building be a dwelling or if the life of any person be placed in jeopardy, he shall be fined under this title or imprisoned for any term of years or for life, or both.

18 U.S.C. § 81. Plaintiff, however, does not allege that the defendants have set fire to or burned his property.

Plaintiff also cites 18 U.S.C. § 1659, which provides:

> Whoever, upon the high seas or other waters within the admiralty and maritime jurisdiction of the United States, by surprise or open force, maliciously attacks or sets upon any vessel belonging to another, with an intent unlawfully to plunder the same, or to despoil any owner thereof of any moneys, goods, or merchandise laden on board thereof, shall be fined under this title or imprisoned not more than ten years, or both.

18 U.S.C. § 1659.

In the above-captioned case, Plaintiff cannot obtain a criminal investigation or criminal charges pursuant to 18 U.S.C. § 81 or 18 U.S.C. § 1659 against the defendants. See Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (*applying* Linda R. S. v. Richard D. and collecting cases); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Because the instant Complaint is so completely devoid of merit as not to involve a federal controversy and is foreclosed by prior decisions of the United States Supreme Court, it should be dismissed under Holloway. Holloway, 669 F.3d at 452-53.



## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without service of process. The court further recommends that Plaintiff's motion for order to show cause (ECF No. 2) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 27, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page..*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).